IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE TEAL POWELL,

    Petitioner,               No. CIV S-11-1959 WBS GGH P

    vs.

R. H. TRIMBLE,                  ORDER &

    Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's September 9, 2011, motion to dismiss on the grounds that this action is barred by the statute of limitations. Doc. 9. Petitioner filed an opposition on November 16, 2011, and respondent filed a reply. Docs. 13, 18. For the reasons that follow, the undersigned recommends that the motion to dismiss be granted and this case closed.

II. Motion to Dismiss

        The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

\\\\

1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was convicted of attempted premeditated murder, aggravated assault and shooting into an inhabited dwelling. Motion to Dismiss (MTD), Exh. A. Petitioner was sentenced to state prison for a term of 35 years to life. Id. On July 9, 2008, the California Court of Appeal affirmed the judgement. Id. Petitioner did not seek review in the California Supreme Court. Petitioner's conviction became final 40 days later, on August 17, 2008, when the time to seek review with the California Supreme Court expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a)[1]. Time began to run the next day, on August 18, 2008. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year, that is, until August 17, 2009, to file a timely federal petition, absent applicable tolling. The instant

\\\\

---

[1] Recognized as abrogated on other grounds, Moreno v. Harrison, 245 Fed. Appx. 606 (9th Cir. 2007) and numerous district court cases.

action, filed July 18, 2011,[2] is not timely unless petitioner is entitled to statutory or equitable tolling.

        Petitioner filed four state post-conviction collateral actions:[3]

        1. July 28, 2008: First habeas petition filed in California Court of Appeal, First Appellate District. MTD, Exh. B. The petition was denied on August 5, 2008. Id.

        2. August 18, 2009: Second petition filed in the Superior Court of Solano County. Opposition, Appendix 1. The petition was denied in a reasoned opinion on October 16, 2009. Id.

        3. November 25, 2009: Second habeas petition filed in California Court of Appeal, First Appellate District. MTD, Exh. C. The petition was denied on December 3, 2009, without comment or citation. Id.

        4. December 27, 2010: Third habeas petition filed in the California Supreme Court. MTD, Exh. D. The petition was denied on June 15, 2011, with a citations to See In re Robbins, 18 Cal.4th 770, 780 (1998); People v. Duvall, 9 Cal.4th 464, 474 (1995); In re Waltreus, 62 Cal.2d 218, 225 (1965); In re Swain, 34 Cal.2d 300, 304 (1949); In re Lindley, 29 Cal.2d 709, 723 (1947).

Petitioner filed the instant petition on July 18, 2011.

Statutory Tolling

        Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling"). See

---

[2] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court that have been provided. Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

[3] Respondent does not indicate that petitioner filed a petition in August 2009, in the Superior Court of Solano County, but petitioner has included the decision which appears related to his underlying offense. Opposition, Appendix 1.

Evans v. Chavis, 546 U.S. 189, 193-94, 126 S.Ct. 846 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings. Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807 (2005). "[T]ime limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, 544 U.S. at 417. "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414. Under such circumstances, the petitioner is not entitled to statutory tolling. Id. at 417.

Petitioner's first state petition was filed and denied before the limitations period even began and does not affect the analysis. A collateral action filed prior to the effective date of the statute of limitations has no tolling consequence. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (noting that although the filing of a state habeas petition "would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing.").[4]

Petitioner's second state petition was received by the state court on August 18, 2009, one day after the statute of limitations expired. As no copy of the petition has been provided it is not clear what day the petition was sent, for plaintiff to benefit from the mailbox rule. Yet, even assuming that petitioner sent the petition seven days prior to the expiration of the statute of limitations, and petitioner was to receive statutory tolling for all of his later state petitions, the instant federal petition was filed approximately one month after the California

\\\\

\\\\

---

[4] As was the case in Waldrip, the second petition could be viewed as simply a peculiar path of seeking habeas review, i.e., first in the Court of Appeal, and then in the Superior Court so that theoretically, the possibility of gap tolling existed between the first and second petition. However, as was also the case in Waldrip, the length of time between the denial of the first petition and filing of the second was so long as to eradicate that possibility. Petitioner waited over a year to file the second habeas petition.

4

Supreme Court denied the final state petition.[5] As a result, the instant petition would still be time barred.

The last two petitions were filed several months after the expiration of the statute of limitations on August 17, 2009. A state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll or revive the limitations period under section 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Furthermore, as stated above, even if statutory tolling was provided for these petitions, petitioner was still late filing the instant federal petition.

Petitioner also argues that the start date of the statue of limitations should begin at a later date due to a state created impediment to filing, pursuant to § 2244(d)(1)(B).[6]

Petitioner argues that he was hospitalized due to a severe pulmonary condition, Chronic Obstructive Pulmonary Disorder (COPD) from January 5, 2008, to March 5, 2009, and then was still ill with COPD for another eight months after his release from the hospital. Petitioner states that during this time he repeatedly requested help from prison officials to assist him with preparation of his petition, but no assistance was provided. Though, petitioner does not describe how he was able to file his first state petition in July 2008, despite the alleged impediment. Moreover, petitioner provides no details on the type of assistance he requested, how he requested the assistance, what answers he was provided from prison officials nor does petitioner provide any evidence to support the assertions that he was incapable of doing legal work or that he requested help.

A circumstance or occurrence argued to have prevented an inmate from filing a federal habeas petition pursuant to § 2244(d)(1)(B) must violate the Constitution or laws of the United States. § 2244(d)(1)(B); Shannon v. Newland, 410 F.3d 1083, 1088 n. 4 (9th Cir. 2005).

---

[5] It also seems doubtful that petitioner would receive statutory tolling while his petition was pending with the California Supreme Court, based on the citations in the denial.

[6] Additional aspects of this argument will be discussed pursuant to equitable tolling below.

"In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir.2003). Further, the petitioner must establish that the alleged impediment actually caused the inmate to be unable to file a timely petition. Bryant v. Schriro, 499 F.3d 1056, 1060-61 (9th Cir. 2007). "[T]he petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." Bryant, at 1060; see also Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180 (1996) (stating that inmate must prove relevant actual injury when arguing that prison law library's inadequacies prevented him from pursuing legal claim). "The limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials." Shannon, at 1087. In Bounds v. Smith, the United States Supreme Court stated that "[i]t is now established beyond doubt that prisoners have a constitutional right of access to the courts." 430 U.S. 817, 821, 97 S.Ct. 1491 (1977), overruled in part by Lewis, 518 U.S. at 354. This fundamental right, the Court explained, "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828.

Interpreting Bounds, the Court later explained that, "[b]ecause Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis, 518 U.S. at 351. The touchstone is "meaningful access to the courts"; therefore, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.

Petitioner in the instant case should not be given a later start date for the statute of limitations as he has failed to provide sufficient details regarding the assistance that was denied.

Prison officials do not have a duty to prepare petitioner's habeas petition for him and it seems that is what petitioner requested if he was indeed as ill as he states. Petitioner has failed to present specific allegations of a state impediment and his general claim that he was denied assistance is insufficient to warrant a later start date pursuant to § 2244(d)(1)(B).[7]

Equitable Tolling

The Supreme Court last year held "like all 11 Courts of Appeals that have considered the question ... that § 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (the Ninth Circuit case cited in Holland, supra), overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. at 418, 125 S. Ct. at 1814; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of

---

[7] Petitioner also argues that he could have paid another inmate to prepare the petition for him, but state regulations prohibit compensating another inmate to help in preparation of legal documents and this was an additional state created impediment. California Code of Regulations, Title XV, Section 3163. However, petitioner also states that other inmates would have helped him for a large sum of money, which petitioner could have paid, but chose not to because the inmates did not seem up to the task. Opposition, at 2-3. More importantly, valid regulations which prohibit inmates from being compensated for services provided to other inmates can hardly be viewed as an impediment. Otherwise, any restriction imposed by a prison, no matter how necessary or valid, could be viewed as an impediment to timely filing. The "impediment" has to be seen as some type of invalid or unnecessary action on the part of prison officials. See authority as cited above in the text.

proving that equitable tolling should apply to avoid dismissal of an untimely petition). "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]). A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA] ... lest the exceptions swallow the rule." Id.

Petitioner argues that his COPD prevented him from timely filing the instant petition. Petitioner alleges that he was unable to do any work as he could not fashion even simple phrases, could not concentrate for more than 10 to 20 seconds and would sleep for up to 18 hours a day. Petitioner also states that he was hospitalized from January 5, 2008, to March 5, 2009. Though other than these statements, petitioner provides no evidentiary support or exhibits. In addition, petitioner was able to file a state habeas petition on July 29, 2008, when he states he was hospitalized and unable to work.

Assuming petitioner was hospitalized in this time frame and released March 5, 2009, he had five months, until August 17, 2009, before the statute of limitations expired. Yet, petitioner did nothing until August 18, 2009, when he filed a state petition. Petitioner states that during this time period he was also unable to work, as even though he was released from the hospital he was still too weak. However, petitioner also states that once he was released from the hospital he could not find another inmate who would help him prepare the petitions. Opposition at 13. Petitioner was not able to obtain help from another inmate until September 2009. Opposition at 14. It appears it was not petitioner's health that prevented him from meeting the deadline, but his inability to write the petition himself. Petitioner's lack of legal sophistication and his apparent inability to find another inmate to help him is insufficient to warrant equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Therefore, petitioner should not receive equitable tolling as he has failed to present specific factual assertions, he has provided no support and the general assertions he has

presented do not warrant equitable tolling. Thus, this case should be dismissed for being untimely.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for an extension of time (Doc. 15) is granted and the opposition is deemed timely filed.

IT IS HEREBY RECOMMENDED that the motion to dismiss (Doc. 12) be granted and this case dismissed.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 5, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
powe1959.mtd